IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UZZIAH HOSEIN,** | CIVIL NO. 1:13-CV-2374 |
| Petitioner | |
| | (Judge Rambo) |
| v. | |
| | (Magistrate Judge Schwab) |
| **THOMAS DECKER,** *District Director, United States Immigration and Customs Enforcement Office of Detention and Removal Operations, Department of Homeland Security*; **and ERIC HOLDER,** *United States Attorney General*, | |
| Respondents | |

## **M E M O R A N D U M**

Before the court is the report and recommendation (Doc. 5) of the magistrate judge to whom this matter was referred in which she recommends that Petitioner Hosein's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed for lack of jurisdiction. The magistrate judge reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and correctly found that in order to obtain relief under § 2254, a petitioner must be "in custody." *Lackawanna County District Attorney v. Cross*, 537 U.S. 394, 401 (2001).

Hosein has filed objections to the report and recommendation (Doc. 6)[1] in which he agrees with the findings of the magistrate judge. Instead, Hosein requests that the court consider his *pro se* status and recharacterize his petition as a

---

[1] Since the petition has not been served, no response to the objections will be made by Respondents.

petition for writ of *Error Coram Nobis*. Thus, this court will review the petition pursuant to that writ.

A writ of *coram nobis* is available only when a motion attacking a sentence is unavailable, such as when a petitioner has served his sentence completely and is thus no longer in custody. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). In federal courts, the authority to grant a writ of *error coram nobis* is conferred by the All Writs Act, which permits courts to issue all writs necessary or appropriate in aid of their respective jurisdictions. 28 U.S.C. § 1651(a).

Hosein was sentenced in the Court of Common Pleas of Northampton County, Pennsylvania and received a sentence of 29 days to 23 months. That sentence would have been completed by May of 2009. Thus, Hosein was not in custody at the time he filed his habeas petition on September 13, 2013.

Hosein argues that he would not have pled guilty to his state charge if he had been advised that, as a consequence of his plea, he would be subject to deportation. Hosein claims that this omission constitutes incompetency of counsel. In *Padilla v. Kentucky*, _____ U.S. _____, 130 S. Ct. 1473 (2010), the Court held that counsel was ineffective in misadvising Padilla about potential deportation as a consequence of his guilty plea. However, in *Chaidez v. United States*, _____ U.S. _____, 133 S. Ct. 1103 (2013), the Court held that *Padilla* does not apply retroactively to cases already final on direct review. *Id.* at 1106-1113.[2] A defendant whose conviction became final prior to *Padilla* cannot benefit from its holding. *Id.* at 1113.[3]

---

[2] Overruling *United States v. Orcio*, 645 F.3d 630 (3d Cir. 2011).

[3] Hosein was convicted in 2007. Six years have elapsed since then and any time to file a
(continued...)

Although the record reflects that Hosein was advised of the probable consequence of his plea, regardless of whether or not he was fully apprised by counsel of the immigration consequences of his plea, he has no colorable claim of ineffective assistance of counsel. The writ will be denied.

s/Sylvia H. Rambo<br>United States District Judge

Dated: October 7, 2013.

---

[3](...continued)
direct or collateral appeal expired before *Padilla* was decided.